UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCAR HEAL, INC.,

       Plaintiff,

v.                                      Case No. 8:14-cv-733-T-33AEP

JJR MEDIA, INC., and
JACOB KAUFFMAN, individually,

       Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants JJR Media, Inc. and Jacob Kauffman's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue, and Motion to Dismiss an Improper Party, filed on May 27, 2014. (Doc. # 12). Plaintiff Scar Heal, Inc. filed a response in opposition to the Motion on June 10, 2014. (Doc. # 16). For the reasons stated below, and for the reasons stated at the hearing on July 3, 2014, the Court denies Defendants' Motion in its entirety.

**I.   Background**

Scar Heal brought this action against JJR Media, Inc. and Jacob Kauffman on March 25, 2014, alleging trademark infringement (Count I) and unfair competition (Count II) in violation of the Lanham Act, 15 U.S.C. §§ 1051-1141. (Doc. # 1 at ¶¶ 5, 30, 41).

1

Scar Heal owns the federally registered trademark "Rejuvaskin®" for an anti-wrinkle cream and alleges that the mark "has been granted incontestable status by the U.S. Patent and Trademark Office." (Id. at ¶¶ 8, 10). According to Scar Heal, in 2013, "Kauffman, through JJR Media, began advertising, distributing, marketing, and selling anti-wrinkle cream on the internet under the name 'Rejuvalskin,'" which Scar Heal contends is "visually and audibly confusingly similar" to Scar Heal's mark given that it differs by only a single letter. (Id. at ¶¶ 17-18). Scar Heal claims that Kauffman and JJR use their infringing mark in interstate commerce through a number of web sites, and that they have done so "with the intent of causing confusion, mistake, or deception," to "gain an unfair and unjustified competitive advantage" and "reap the benefit of Scar Heal's goodwill" in the anti-wrinkle cream industry. (Id. at ¶¶ 19, 29, 32, 39, 40, 44).

Scar Heal alleges that, although it demanded in writing that Kauffman and JJR stop using their infringing mark, Defendants "have continued their wrongful acts." (Id. at ¶ 20). As a result, Scar Heal claims that numerous people have confused JJR's products with Scar Heal's, and thus have mistakenly believed Scar Heal was responsible for the Defendants' products. (Id. at ¶¶ 21-22). Scar Heal also contends that Kauffman has "controlled and directed the activities of JJR Media." (Id. at ¶

16). Scar Heal therefore asserts that Defendants' "prolific infringement of Scar Heal's Rejuvaskin® Mark" has caused injury such as "diversion of Scar Heal's customers and potential customers, and the diminution of Scar Heal's goodwill," for which Scar Heal claims it is entitled to an injunction against Defendants' use of their infringing mark as well as monetary damages. (Id. at ¶¶ 37, 49).

JJR and Kauffman filed the present Motion to Dismiss on May 27, 2014 (Doc. # 12), to which Scar Heal filed a response in opposition on June 10, 2014. (Doc. # 16). The Court granted Defendants' Motion for Leave to File Reply on June 17, 2014, (Doc. # 22), but JJR and Kauffman failed to file a reply brief by the June 20, 2014, deadline, or at any time since. In their Motion, Defendants contend that this Court is an improper venue for the case under 28 U.S.C. § 1391, and thus the action should be dismissed or transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1406. (Doc. # 12 at 3, 7). Defendants also assert that Kauffman is an improper party to the suit, and thus he should be dismissed from the case. (Id. at 7-9).

## II. Venue

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss an action for improper venue. The cure of defects in venue is governed by 28 U.S.C. § 1406, which

provides, "The district court of a district in which is filed a case lying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Trial courts generally have broad discretion in evaluating venue arguments and determining whether to transfer or dismiss the case." LaFerney v. Citizens Bank of E. Tenn., No. CV 210-169, 2011 WL 4625956, at *1 (S.D. Ga. Sept. 30, 2011).

Venue is proper if the district in which the suit was filed is:

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

A natural person resides "in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). A corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with

respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

### B. Analysis

There is a dispute between the parties as to where JJR resides: Defendants contend that both Kauffman and JJR reside in the Southern District of Florida, specifically in Cooper City, Florida, while Scar Heal alleges that JJR resides in the Middle District of Florida for the purposes of 28 U.S.C. § 1391. Defendants submit that venue is improper because neither Defendant resides in the Middle District of Florida and because Scar Heal failed to show that "a substantial part of the events or omissions" took place in this District. (Doc. # 12 at 4-5).

Moreover, Defendants allege that because Scar Heal failed to show that "a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Florida," and given that 28 U.S.C. § 1391 is meant to protect defendants from being "hailed into a remote district having no real relationship to the dispute," Scar Heal "failed to make a *prima facie* showing that venue is proper in the Middle District of Florida" for the purposes of 28 U.S.C. § 1391(b)(2). (Id. at 4-5) (citing Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003) (finding at summary judgment phase of choice of law dispute that "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have

taken place, only those locations hosting a 'substantial part' of the events are to be considered."); Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc., 669 F. Supp. 2d 1353, 1357 (S.D. Fla. 2009) (internal quotations omitted) ("A central purpose of the federal venue statute is to ensure that a defendant is not hailed into a remote district having no real relationship to the dispute.")).

According to Scar Heal, this Court has personal jurisdiction over JJR with respect to this case under 28 U.S.C. § 1391(c)(2), and thus venue is proper for the purposes of 28 U.S.C. § 1391(b)(1). (Doc. # 16 at 2). Scar Heal supports its contention by conducting a due process analysis to determine whether it has established constitutional minimum contacts, and alternatively argues that this Court has personal jurisdiction over both Defendants because neither JJR nor Kauffman contested this Court's personal jurisdiction over them by filing a Fed. R. Civ. P. 12(b)(2) motion. (Id. at 4-7) (citing Kaplan v. DaimlerChrysler, A.G., 99 F. Supp. 2d 1348, 1352 (M.D. Fla. 2000) (explaining the three-step process "for determining whether constitutional minimum contacts have been established by the plaintiff" pursuant to Supreme Court precedent); Fed. R. Civ. P. 12(h)(1)).[1]

---

[1] Fed. R. Civ. P. 12(h)(1): *When Some Are Waived.* A party waives any defense listed in 12(b)(2)-(5) by:

This Court finds that venue is proper under 28 U.S.C. §
1391(b)-(c). Defendants failed to object to this Court's
personal jurisdiction because Fed. R. Civ. P. 12(b)(2) was
neither mentioned nor discussed in their Motion to Dismiss, and,
as a result, the argument is waived. See Fed. R. Civ. P.
12(h)(1). In Pardazi v. Cullman Medical Center, 896 F.2d 1313,
1317 (11th Cir. 1990), the Eleventh Circuit stated that "a party
is deemed to have waived any objection to personal jurisdiction
. . . if the party makes a pre-answer motion under Rule 12 and
fails to include such objections in that motion." The Pardazi
court further found that if a defendant waives its objection to
personal jurisdiction, "the court may not, either upon the
defendant's motion or its own initiative, dismiss the suit for
lack of personal jurisdiction." Id.; see also Chapin Revenue
Cycle Mgmt., LLC v. JDS eHealth Sys., Inc., No. 8:11-cv-858-T-
33AEP, 2012 WL 469824, at *3 (M.D. Fla. Feb. 13, 2012) (finding
defendant with principal place of business in Illinois to reside
in the Middle District of Florida for the purposes of 28 U.S.C.
§ 1391(c)(2) because it conceded personal jurisdiction by
withdrawing its objection to personal jurisdiction); Fed. R.

---

        (A) omitting it from a motion in the circumstances
        described in 12(g)(2); or
        (B) failing to either:
            (i) make it by motion under this rule; or
            (ii) include it in a responsive pleading or in an
            argument allowed by Rule 15(a)(1) as a matter of
            course.

Civ. P. 12(h)(1). Consequently, JJR resides in the Middle District pursuant to 28 U.S.C. § 1391(c)(2), and thus venue is proper under 28 U.S.C. § 1391(b)(1).

### III. "Improper Party"

#### A. Rule 12(b)(6) Standard

The Court will analyze Defendants' motion regarding the sufficiency of Scar Heal's allegations against Kauffman under the framework of a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. On such a motion, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002).

## B. **Individual Liability for Trademark Infringement**

Infringement by a corporation must be caused by an individual or group of individuals. See Bentley Motors Ltd. Corp. v. McEntegart, 976 F. Supp. 2d 1297, 1315 (M.D. Fla. 2013) (citing Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472, 1477 (11th Cir. 1991) (finding sufficient evidence at the summary judgment phase to support the allegation that the "president and CEO" of an infringing company "caused the infringement as a whole to occur")). Therefore, under the Lanham Act, "[i]f an individual actively and knowingly caused the [trademark] infringement, he is personally liable," and a claim may be stated against him. See id.

## C. **Analysis**

Defendants contend that Kauffman should be dismissed from this case because he is protected from personal liability given that JJR Media is a corporation that can be sued and defend in its own name. (Doc. # 12 at 7-9). JJR and Kauffman assert that

9

Scar Heal has failed to factually support that Kauffman meets
any of the exceptions for which an individual can be held
personally liable for his or her relationship with a
corporation, and thus the allegations that Kauffman "played a
direct and <u>dominant</u> role with regard to the alleged acts" are
speculative and conclusory. (<u>Id.</u> at 8-9) (emphasis in original)
(citing <u>Twombly</u>, 550 U.S. at 555).

Conversely, Scar Heal asserts that Kauffman can be held
individually liable because "[n]atural persons, as well as
corporations, may be liable for trademark infringement under the
Lanham Act . . . . If an individual actively and knowingly
caused the infringement, he is personally liable." (<u>Id.</u>) (citing
<u>Chanel</u>, 931 F.2d at 1477). Scar Heal submits that its
allegations that Kauffman formed JJR and has controlled and
directed JJR's activities since its creation are sufficient to
state a claim against him personally for trademark infringement
under the Lanham Act. (<u>Id.</u>).

This Court finds that Scar Heal's factual allegations
against Kauffman are sufficient to survive the Motion to
Dismiss. Although Federal Rule of Civil Procedure 8 imposes a
liberal pleading standard, legal conclusions must be supported
by factual allegations. <u>See Iqbal</u>, 556 U.S. at 664. Nonetheless,
the allegations within the four corners of Scar Heal's complaint
that label Kauffman as personally liable for JJR's infringing

activity are supported by the factual contention that Kauffman has "controlled and directed the activities of JJR Media" since the company's inception. (See Doc. # 1 at ¶ 16).

Furthermore, Kauffman is not shielded from personal liability given that natural persons who cause infringement "may be liable for trademark infringement under the Lanham Act." See Bentley Motors, 976 F. Supp. 2d at 1315 (citing Chanel, 931 F.2d at 1477); Babbit Elecs., Inc. v. Dynascan Corp., 38 F.3d 1161, 1184 (11th Cir. 1994) ("[A] corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil.").

## IV. Conclusion

Defendants' Motion to Dismiss is denied. Venue is proper under 28 U.S.C. § 1391(b)(1) because JJR Media resides in this district for the purposes of § 1391(c)(2). In addition, Kauffman is not an "improper party" and the complaint's allegations against Kauffman withstand a Rule 12(b)(6) attack because Scar Heal alleges that Kauffman controlled and directed the activities of infringement by JJR Media.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss (Doc. # 12) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>8th</u>

day of July, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record